[Crim. No. 7239. Second Dist., Div. Three. July 29, 1960.]

THE PEOPLE, Respondent, v. ROBERT MOSES TRUJILLO, Appellant.

Robert Moses Trujillo, in pro. per., for Appellant.

No appearance for Respondent.

THE COURT.—Robert Moses Trujillo was charged by information with possessing heroin. It was also alleged that he had previously suffered two felony convictions for burglary. In a court trial Trujillo was found guilty of possession; no finding was made as to the priors. Trujillo appeals from the judgment.

Appellant was represented by counsel at the trial. He applied for appointment of counsel on the appeal. After reading the record we denied the application for the reason that the appeal has no semblance of merit and the appointment of an attorney would serve no useful purpose. Appellant was notified of the denial and his time to file a brief was extended; none has been filed.

There was evidence of the following facts. Officer Norris and two other officers drove to a rooming house on South Flower in Los Angeles and went upstairs. As Norris walked down the hall he looked through an open doorway into one of the rooms. Trujillo was standing in front of a dresser with his back to the officers. A man was standing at his left and a woman at his right. When they heard the officers appellant's companions stepped away from him and Trujillo reached forward with his right hand, dropping a spike and eyedropper combination on the top of the dresser and slipping another object under a doily; at the same time a small white paper packet dropped to the floor. The officers entered and placed the occupants under arrest. They recovered the eyedropper, some razor blades, a packet of white powder and a spoon containing more white powder from the dresser; they recovered the packet from the floor near appellant's foot. The powder in the package and the spoon was analyzed by a police chemist and found to consist of heroin. Officer Buckner, a qualified narcotics expert, identified the other items as paraphernalia used in injecting narcotics. Buckner also gave the substance of a conversation he had with Trujillo at the police station. Appellant's statements were free and voluntary. He told Buckner that he had purchased a gram of heroin at a market and was preparing to take an injection when the officers entered.

Trujillo testified that he went to the rooming house to buy a cap of heroin from Dolores Sanchez. As Miss Sanchez had no heroin in capsule form he purchased a "fix" instead. She took some loose heroin from a package in the dresser, prepared it and injected it into his left arm. At the moment the officers entered appellant was cleaning the eyedropper and the spike so that the other man, Rodriguez, could take an injection. In taking his own injection he used up all the heroin he had purchased from Miss Sanchez.

It was contended by the People that appellant was guilty of possession of the heroin that had been injected into his arm. Appellant replied that it was not under his dominion and

control in the sense that constituted possession. However, the case does not turn upon this interesting point. There was evidence that appellant tried to hide the spoon under the doily and it could reasonably have been inferred that he dropped the package which fell to the floor. Both objects contained heroin and appellant did not deny having attempted to conceal them. The evidence was amply sufficient to establish that Trujillo was in possession of contraband.

The narcotics and narcotics paraphernalia were received without an objection. The case was tried without error.

The judgment is affirmed.